**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10094 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00065-LJO |
| v. | |
| EDWARD MARKHAM, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Edward Markham appeals from the 120-month sentence imposed following

his jury-trial conviction for being a felon in possession of a firearm, in violation of

18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

AK/Research

affirm.

Markham contends that his sentence is unreasonable because the district court imposed an upward variance to the advisory Guidelines range, sentencing him to the statutory maximum of 120 months. The district court's reasons for imposing the sentence, which included Markham's extensive and violent criminal history, the need for deterrence, for just punishment, to promote respect for the law, and the need to protect the public, are sufficiently compelling justifications to support the degree of the variance. The sentence is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *see also United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Markham also contends that the district court's sentence violated his right to due process because it was based on dismissed charges or charges that could not be sufficiently sustained with reports. This contention also fails as the record indicates that the district court properly considered this information as part of its overall analysis under 18 U.S.C. § 3553(a).

**AFFIRMED.**